# Replogle v. Singer, Appellant.

*Landlord and tenant—Evidence—Parol evidence to vary written lease.*

Parol evidence to show a verbal contemporaneous agreement which induced the execution of a lease must be clear, precise and indubitable, and if the lessee's testimony on the subject is filled with uncertainties and contradictions, the lease will not be reformed.

Argued Jan. 16, 1902.  Appeal, No. 20, Jan. T., 1902, by defendant, from judgment of C. P. Lackawanna Co., Nov. T., 1900, No. 650, discharging rule to open judgment in case of D. B. Replogle v. Jane E. Singer.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Rule to open judgment.

From the record it appeared that on May 14, 1900, plaintiff leased a dwelling house to the defendant.  After several months defendant removed from the premises, and plaintiff thereupon entered judgment against defendant under a warrant of attorney contained in the lease.  Defendant claimed that the plaintiff before the lease was signed promised that if defendant would sign the lease he would dig a well and furnish the defendant with plenty of wholesome water.  She further claimed that this had not been done.  The testimony of the defendant on this subject was uncertain and contradictory.  CARPENTER, J., filed the following opinion:

[The proof as to what occurred at or prior to the execution of the lease upon which judgment was entered in this case is not of a character to warrant us in opening the judgment.] [1] The judgment, however, is for $33.00 more than the plaintiff is entitled to collect.

[And now, May 6, 1901, it is ordered that if the plaintiff, within ten days from this date, file upon record a receipt on account of this judgment for the sum of $33.00, then the rule to show cause why the judgment should not be opened, to be discharged, otherwise the rule, as to $33.00, to be made absolute.] [2]

*Errors assigned* were (1, 2) portions of opinion as above.

*C. H. Soper,* for appellant.


*D. B. Replogle,* with him *H. C. Reynolds,* for appellee.


Opinion by Beaver, J., February 14, 1902:

During the argument of this case a question was raised as to whether or not the exhibits printed in the appellee's paper-book had been offered in evidence. This was not satisfactorily answered at the time by a reference to the place in the testimony where they were identified. Upon reading the testimony, however, we find that at a later point in the testimony, "plaintiff offers in evidence letter and envelope, the envelope bearing the Brooklyn, N. Y., post mark, October 8, 9 : 30 p. m. 1900, addressed to D. B. Replogle, Mears Bldg., Scranton, Pa. Letter is also offered in evidence; envelope is marked Plaintiff's Ex. No. 2." These exhibits were, therefore, regularly in evidence and have been of assistance to us, as they doubtless were to the court below, in reaching a conclusion in regard to the order discharging the rule to open the judgment.

Although the witnesses were not heard before the court, their manner and temper are plainly apparent in the tone which pervades the testimony.

Without entering upon a discussion of the question as to whether or not the defendant had the right to reform the article of agreement, in accordance with her allegations as to a contemporaneous parol agreement which induced the signing of the lease, it is very apparent, from a careful reading of the testimony, from the uncertainties and contradictions of the defendant's testimony and particularly the contradictions in her oral testimony of her letter dated New York, October 8, that the evidence was not in quality what is required to reform a written instrument. It is far from being clear, precise and indubitable. It is not necessary to go into an extended analysis of the testimony or of the various grounds upon which we base this conclusion. Although the court gave no specific reasons for the decree, discharging the rule, there is abundant ground for the opinion expressed that "the proof as to what occurred at or prior to the execution of the lease upon which judgment was entered in this case is not of a character to warrant us in opening the judgment." Any manifest injustice

attempted by the plaintiff in entering the judgment for more than was due was corrected by the order " that, if the plaintiff within ten days from this date file upon record a receipt on account of the judgment for the sum of $33.00, then the rule to show cause why the judgment should not be opened to be discharged; otherwise the rule as to $33.00 to be made absolute." This decree went as far as the merits of the case required. The discretion of the court was we think properly exercised, and the order, discharging the rule, justified.

Decree affirmed.