# Hastings *v.* Burchfield, Appellant.

*Landlord and tenant—Covenant for quiet enjoyment—Lease.*

The implied covenant in a lease for quiet and peaceable enjoyment, extends only to the lessor himself, or those claiming title paramount. If the lessee desires to protect himself against evictions or other disturbances by all persons having lawful title he should obtain from his lessor an unqualified covenant for quiet enjoyment, without any interruption or disturbance by the lessor, or by any other person or persons whomsoever.

An oral covenant for quiet enjoyment against strangers must be established by evidence that is clear, precise and indubitable, and it must be shown that it was left out of the lease by fraud, accident or mistake, or that the lessee was induced to sign the lease by reliance upon it.

*Landlord and tenant—Surrender of key—Vacation of premises.*

A tenant for years cannot relieve himself from his liability under his

covenant to pay rent by vacating the demised premises during the term, and sending the key to his landlord.

Argued April 26, 1905.    Appeal, No. 223, April T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1901, No. 258, on verdict for plaintiff in case of J. M. Hastings *v.* A. H. Burchfield.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Appeal from justice of the peace.    Before SHAFER, J.

The facts appear by the opinion of the Superior Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $266.06.    Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. C. Dicken*, with him *W. C. Dicken*, for appellee.—A written agreement may be modified, explained, reformed, or altogether set aside by parol evidence of an oral promise or undertaking, material to the subject-matter of the contract, made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it: Juniata Bldg. & Loan Assn. v. Hetzel, 103 Pa. 507 ; Walker v. France, 112 Pa. 203 ; Stockwell v. Webster, 160 Pa. 473.

A principal is bound by the agent's declarations, although unauthorized by seeking to enforce the contract : Weightman v. Harley, 20 W. N. C. 470 ; Shughart v. Moore, 78 Pa. 469 ; Hultz v. Wright, 16 S. & R. 345 ; Smith v. Harvey, 40 W. N. C. 229.

*C. S. Crawford*, for appellee.—The implied covenant in the lease, for quiet and peaceful enjoyment, extends only to the lessor himself or those claiming title paramount : Dobbins v. Brown, 12 Pa. 75 ; Peters v. Grubb, 21 Pa. 455.

The appellant did not allege an acceptance of surrender of the leasehold premises, and did not prove an acceptance by the landlord : Auer v. Penn, 99 Pa. 370 ; Snyder v. Middleton, 4 Phila. 343.

OPINION BY MORRISON, J., July 13, 1905:

This is an action for rent in arrears wherein the plaintiff recovered judgment against the defendant for $266.06, being the unpaid rent under a written lease dated April 1, 1898, for the term of one year from that date. The total rent reserved was $500. The defendant voluntarily removed from the premises and refused to pay the rent for December, 1899, and January, February and March, 1900.

The defendant claimed to be relieved from the payment of the said rent because of the wrongful acts of a third party in destroying a right of way leading from the rented house or property to Negley avenue. It appears that the defendant had some knowledge that there might be trouble about this right of way before he executed the lease and he had some conversation with the plaintiff's agent in regard to this right of way before the lease was executed. The lease was made with Reed B. Coyle, agent for the plaintiff, and it contained no covenant in regard to this right of way.

The pertinent testimony bearing upon this question is as follows: Reed B. Coyle said: " And I again assured him that the ——, my title, the deed, set forth that the right of way was there and the property in there would all have the use of it, abutting on it, and that was about the extent of our conversation ; I told him that we had the right to that walk in our deed, specified in deed as a right of way to be used by all property abutting on it, and that I did n't see how they could close it in any way."

Testimony of the defendant on this subject: " Q. And Mr. Reed B. Coyle told you that the right of way belonged to the premises? A. He assured me it was. Q. Well, he told you that it belonged to the property? A. Yes, sir. Q. And he said that the right of way was so expressed in the deed of the premises? A. Yes, sir. Q. And that if you wanted to see whether that was true or not you could go to the court house and see it, didn't he? A. I believe he did intimate something of the kind. Q. And you went up to the court house to look for it, did you? A. I did not. Q. And that was before you signed the lease? A. It was."

From this it does not appear that there was any intention on the part of Mr. Coyle and Mr. Burchfield to include in the

written lease a covenant as to this right of way. Therefore, it cannot be argued that this was left out of the lease by mistake, accident or fraud. But, in addition to this, there is no clear, precise and indubitable evidence that anything was left out of the lease which was intended to be incorporated therein. Nor is there sufficient parol evidence to vary the lease by a verbal contemporaneous agreement which induced the execution of it: Replogle v. Singer, 19 Pa. Superior Ct. 442.

In Jackson & Gross, on Landlord and Tenant, section 1005, it is said: " If the lessee desires to protect himself in his enjoyment of the demised premises against evictions or other disturbances, by all persons having lawful title, he should obtain from his lessor an unqualified covenant for quiet enjoyment, without any interruption or disturbance by the lessor, etc., or by any other person or persons whomsoever. Under such a covenant the lessee runs no risk in regard to his lessor's title." Section 1006: " A lessee, it has been held, is a purchaser pro tanto, to whom the maxim ' caveat emptor' applies." In this case it is not contended that any wrongful act was committed by the plaintiff.

The general rule is that the implied covenant in a lease for quiet and peaceable enjoyment, extends only to the lessor himself or those claiming title paramount: Dobbins v. Brown, 12 Pa. 75; Peters v. Grubb, 21 Pa. 455.

We consider it well settled that the law does not presume that a person covenants against the wrongful acts which the follies or malice of strangers might commit, unless such covenant be fully expressed to that end.

It is further contended that the defendant surrendered the premises and for that reason he was relieved from the payment of the rent. An examination of the testimony fails to show that the leased premises were surrendered and accepted by the landlord, or by anyone acting for him. There is some evidence that the keys were sent to the landlord's agent and that they were not returned to the defendant. But there is no sufficient evidence to go to the jury of an acceptance of the surrender by the lessor nor by anyone for him. In Auer v. Penn, 99 Pa. 370, it is said by the Supreme Court (p. 375): Nothing is better settled in Pennsylvania than that a tenant for years cannot relieve himself from his liability under his covenant to pay

rent by vacating the demised premises during the term, and sending the key to his landlord. The reason for it is that in the absence of fraud, one party to a contract cannot rescind it at pleasure." See also Reeves v. McComeskey, 168 Pa. 571; Lane v. Nelson, 167 Pa. 602.

We think, under the evidence, the defendant entirely failed to show a surrender of the leased premises and an acceptance thereof by the lessor and, therefore, this branch of his defense fails.

The defendant only succeeded in showing that his right of way to the leased premises was interfered with by a stranger —one for whose conduct the plaintiff was in no wise responsible, and as to the surrender, he only succeeded in showing an attempt to surrender which was not accepted by the plaintiff. Finding no error in the record, we dismiss the assignments of error.

The judgment is affirmed.