# Snyder *v.* Henry, Appellant.

*Landlord and tenant—Lease—Notice—Evidence—Rent.*

Where a tenant from year to year holds over at the end of the year, he becomes a tenant for an additional year, and will be liable as such, notwithstanding he wrote to the lessor more than thirty days before the termination of the year that he did not wish to renew the lease, but would rent from month to month, if satisfactory. To relieve himself from liability·he must go further and actually show that a new agreement had been made which superseded the terms of the lease.

A tenant for years cannot relieve himself from his liability under the lease to pay rent, by vacating the demised premises during the term, and sending the key to his landlord.

The fact that the landlord when a tenant·has abandoned the property and left it vacant, takes possession and repairs the house, does not discharge the tenant from his covenant to pay rent.

Argued Oct. 10, 1906. Appeal, No. 132, Oct. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1906, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Benjamin W. Snyder v. Thomas Henry. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edgar J. Pershing,* for appellant.—The affidavit of defense was sufficient: Rohbock v. McCargo, 6 Pa. Superior Ct. 134; Wilgus v. Whitehead, 89 Pa. 131; West v. Connell, 6 Montg. 196; Tate v. Reynolds, 8 W. &. S. 91; Greider's App., 5 Pa. 422; Kiester v. Miller, 25 Pa.·481; Coe v. Hutton, 1 S. & R. 398; Whitehill v. Wilson, 3 P. & W. 405; Wilheim v. Caul, 2 W. & S. 26.

*Henry A. Hoefler*, with him *Joseph Ball*, for appellee, cited: Greider's App., 5 Pa. 422; Lipper v. Bouvé, 6 Pa. Superior Ct. 452; Breuckmann v. Twibill, 89 Pa. 58; Snyder v. Middleton, 4 Phila. 343; Auer v. Penn, 99 Pa. 370; Gardiner v. Bair, 10 Pa. Superior Ct. 74; Hastings v. Burchfield, 28 Pa. Superior Ct. 309.

OPINION BY PORTER, J., November 19, 1906:

The statement of the plaintiff averred that the defendant went into possession of a dwelling house under the terms of a written lease, a copy of which was to the statement attached, for a term of seventeen months expiring March 31, 1905, which lease contained a provision that either party might determine the lease at the end of said term, by giving the other notice thereof at least thirty days prior thereto, but in default of such notice the lease should continue upon the same terms and conditions for a further period of one year and so on from year to year, unless or until terminated by either party giving the required notice thirty days prior to the expiration of the then current term. The statement further averred that the defendant continued in possession of the premises after the expiration of said term, on April 1, 1905, without having given any notice of his intention to determine the tenancy, prior to the end of the original term, and so became a tenant for an additional year, which would expire on March 31, 1906 ; and that the defendant, on September 31, 1905, vacated the premises, which could not be rented and remained idle during the remainder of the term. The defendant failed to pay the rent accruing after September 31, 1905, and to recover the amount thereof this action was brought.

The defendant filed an affidavit of defense admitting the execution of the lease and the occupancy of the premises until September 31, 1905, but averred that, upon February 4, 1905, he wrote to the plaintiff as follows:

"February 4, 1905.

"Mr. B. SNYDER, agent
     "HOLMESBURG, PA.
"Dear Sir:—

"My lease on No. 7827 Walker St. expires April 1, 1905. I hereby notify you that I do not wish to renew this lease, but

if satisfactory to you, I will rent from month to month, notifying you thirty days prior to my wishing to vacate said property.

"Yours very truly,

"THOMAS HENRY, JR."

The affidavit then proceeds to aver "That several weeks after having written and mailed the above mentioned letter the defendant met the plaintiff, Snyder, on a street-car in the city of Philadelphia, at which time he asked the plaintiff why he did not receive a reply to the above mentioned letter; whereupon, the plaintiff replied, 'Did you write me?' and after some further conversation, admitted that he remembered the letter, and that he would look it up and that 'it would be all right;'" that the plaintiff never sent the defendant any further communication upon the matter, and accepted the rent up to October 1, 1905; that the defendant on August 2, 1905, mailed a letter to the plaintiff notifying the latter that he intended to vacate the property on September 31, 1905, that plaintiff replied to this communication by letter informing the defendant that his lease would not expire until April 1, 1906. The affidavit then proceeds to aver that: "The defendant alleges and expects to be able to prove that the last mentioned letter is the only communication which he had from the plaintiff after the above mentioned conversation, at which the plaintiff accepted the proposal of defendant's letter dated February 4, 1905, and acknowledged by plaintiff to have been received by him, during the above mentioned street-car conversation;" and that at the time the defendant removed from the premises, on October 1, 1905, the plaintiff accepted the keys, and immediately took possession thereof and made numerous repairs thereto.

When the defendant held over he became bound for an additional term of one year, according to the covenants of the lease under which he went into possession; "the actual continuance of such occupation is the best and most conclusive evidence of the intention to continue:" Lipper v. Bouvé, 6 Pa. Superior Ct. 452. The mere fact that he sent a written notice to the plaintiff that he did not wish to renew the lease would not avail to relieve him from becoming bound for an additional year, under the covenants of the lease, if he contin-

ued, notwithstanding the notice, to occupy the premises after
the end of the term, and to pay the rent according to the terms
of the original lease. The defendant having occupied the
premises for several months of the additional year and paid
the rent at the dates and in the amounts required by the orig-
inal lease, could only escape payment of the rent for the bal-
ance of the term by showing that a new agreement had been
made which superseded the terms of the lease. The only sug-
gestion of an assertion, in the affidavit of defense, that the
plaintiff had agreed to anything in the matter, is in the account
of what the defendant calls the " street-car conversation." The
defendant undertook, in his affidavit, to state the substance of
that conversation and it was incumbent upon him to specifi-
cally assert the covenants mutually agreed upon. The affi-
davit does not specifically set forth that the plaintiff agreed
to anything which could operate to modify the terms of the
written lease. All that the third paragraph of the affidavit of
defense can fairly be held to assert is that the defendant in-
quired of the plaintiff why he had not replied to the letter of
February 4 ; that the plaintiff replied " Did you write me ? "
and after some conversation, admitted that he remembered the
letter, and said that he would look it up and that " it would be
all right." This involved no covenant or agreement on the part
of the plaintiff ; it could only be fairly construed as an admis-
sion that the plaintiff had received the letter and that he would
accept it as notice from the defendant, under the provisions of
the lease, of the intention of the defendant to vacate the prem-
ises at the end of the original term. If in what the defendant
is pleased to refer to as " some conversation," which occurred
before the plaintiff admitted that he remembered receiving the
letter, any agreement was made which bound the parties as to
the character of the tenancy after April 1, 1905, the defendant
should not only have stated that fact, but he ought to have
specifically averred the covenants of that agreement. The
averment of the sixth paragraph of the affidavit of defense
that the letter of September 4, was " the only communication
which he had from the plaintiff after the above mentioned con-
versation, at which the plaintiff accepted the proposal of de-
fendant's letter dated February 4, 1905, and acknowledged by
plaintiff to have been received by him, during the above men-

tioned street-car conversation;" is not a sufficient averment that the plaintiff had agreed to lease the premises to the defendant as a tenant by the month. The defendant had previously undertaken to state what the conversation was, and the words, in the sixth paragraph, "at which the plaintiff accepted the proposal of defendant's letter," can only fairly be construed as used for the purpose of identifying "the above mentioned conversation" with which they stand in immediate connection; they amount to nothing more than the defendant's interpretation of a conversation the words of which he had set forth in the third paragraph of his affidavit, and the interpretation is one which the language will not bear.

"Nothing is better settled in Pennsylvania than that a tenant for years cannot relieve himself from liability under his covenant to pay rent by vacating the demised premises during the term, and sending the key to his landlord:" Auer v. Penn, 99 Pa. 370; Gardiner v. Bair, 10 Pa. Superior Ct. 74; Hastings v. Burchfield, 28 Pa. Superior Ct. 309. The fact that the landlord, when a tenant has abandoned the property and left it vacant, takes possession and repairs the house, does not discharge the tenant from his covenant to pay rent: Breuckmann v. Twibill, 89 Pa. 58; Snyder v. Middleton, 4 Philadelphia, 343.

The judgment is affirmed.