Greco, Appellant, *v.* Woodlawn Furniture Co.

Argued April 23, 1930.

*Stewart P. McConnel,* for appellant.—If a lease provided for an entry of an amicable action in ejectment and for a confession of judgment for rent, the remedies which are reserved are cumulative and both may be resorted to: Pusey v. Sipps, 56 Pa. Superior Ct. 121; Stevenson v. Dersam, 275 Pa. 412.

*Morgan H. Sohn,* and with him *Harold F. Reed,* for appellee.—A landlord may eject a tenant and at the same time enter judgment for rent accrued when the tenant was evicted, but he cannot recover both the possession and the rent for the balance of the term: Grakelow v. Kidder, 92 Pa. Superior Ct. 250; Murphy v. Marshall, 179 Pa. 516.

OPINION BY KELLER, J., July 10, 1930:

This case was rightly decided in the court below. It is ruled by Grakelow v. Kidder, 95 Pa. Superior Ct. 250. We there decided that where a landlord elects to terminate a lease and recover possession by writ of *habere facias,* following confession of judgment in an amicable action of ejectment, he cannot also enter judgment against the tenant for the rent for the balance of the term which accrued after the judgment in ejectment, but became sooner payable under an

acceleration clause in the lease for default in payment of prior instalments of rent. He cannot forfeit the lease, for default by the tenant, and recover possession, on the allegation that the lease is then and there ended, and at the same time enter judgment against the tenant for the rent accruing after the eviction, as if the lease were in full force and effect to the end of the term. He cannot *eject* the tenant and yet hold him responsible for rent accruing under the lease after the tenant has been evicted. This ruling is in accord with earlier decisions of this court, (Pusey v. Sipps, 56 Pa. Superior Ct. 121; Hochman v. Kuebler, 53 Pa. Superior Ct. 481); and of the Supreme Court, (Stevenson v. Dersam, 275 Pa. 412). The landlord may cumulate remedies provided in the lease (Purvis v. Dempsey, 238 Pa. 173; Murphy v. Marshell, 179 Pa. 516), but he may not avail himself of double remedies in so far as they are conflicting or antagonistic. He can eject the tenant and at the same time enter judgment for the rent accrued when the tenant was evicted: Murphy v. Marshell, supra; but he can not recover both the possession and the rent for the balance of the term: Grakelow v. Kidder, supra, p. 256.

If the defendant had abandoned the premises a month or two previous, as is urged upon us by the appellant in this case, and the latter desired to hold it responsible for the rent accruing to the end of the term, she should not have declared the lease forfeited and terminated the tenant's right of possession by judgment in ejectment and eviction under *habere facias*, but could have resumed possession in the interest of the tenant for the protection of the property, as pointed out in Hochman v. Kuebler, supra; Auer v. Penn, 99 Pa. 370; Ralph v. Deiley, 293 Pa. 90, and kindred cases; but any rent received by her thereafter on a re-letting would have been in relief of her claim against the tenant and for its benefit. The distinction must always be made "between possession of vacated

premises taken by the landlord merely to protect the property or minimize the damages that would follow the tenant's abandonment, and a possession which would be adverse to any resumption of occupation by the tenant and thus amount to an eviction'': Hochman v. Kuebler, supra, p. 487.

The lower court could not strike off the judgment in ejectment because that was executed; it could not reinstate the lease which the plaintiff had declared forfeited and ended, as she had a right to do. It could only relieve against the plaintiff's attempt to collect rent accruing after the termination of the lease and the eviction of the tenant.

The assignment of error is overruled and the order of the court below is affirmed.