## Boesch v. Ericsson

*William J. Boesch Jr.,* in propria persona.
*John M. Bonanti,* for defendants.

JOYCE, *J.,* December 12, 1990 — This matter is before the court on defendants' petition to open confessed judgment. A brief statement of the facts is as follows: Plaintiff/landlord and defendants/tenants entered into a real estate lease agreement on February 25, 1987, whereby defendants were to lease premises from plaintiff for a term of five years. Beginning on March 1, 1987 and ending on February 28, 1992, defendants were to make a total of 60 equal monthly installments of $1,200.

Particular to this lease was an acceleration clause which permitted plaintiff to confess judgment upon the balance of rent remaining on the lease in the event of defendants' default.

On March 28, 1990, plaintiff confessed judgment against defendants in the amount of $33,621.93, representing rent payments for the balance of the lease, unpaid real estate taxes, water and sewer charges, plus attorney's fees, interest, and costs.

Defendants set forth four reasons they believe entitle them to have the confessed judgment opened: (1) failure to mitigate damages, (2) novation, (3) estoppel, and (4) election of remedies.

To have a confessed judgment opened, petitioner must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission to a jury. *Continental Bank v. Axler,* 353 Pa. Super. 409, 510 A.2d 726 (1986). (citations omitted) Because defendants' petition was timely filed, the court shall address the latter two requirements.

In their April 6, 1990 petition to open judgment, defendants set forth three defenses to entry of judgment. The first defense states that plaintiff has failed to mitigate damages by making any effort to lease said premises to another tenant.

The present state of the law in Pennsylvania is not at all well settled as to the issue of a landlord's duty to mitigate damages upon a tenant's abandonment of the premises. Those courts applying principles of contract law follow the language of the Restatement (Second) of Contracts that "a party cannot recover damages for a loss that he could have avoided by reasonable efforts." Section 350, comment b, at 127 (1981). See *In re New York City Shoes Inc.,* 86 Bankr. 420 (E.D. Pa. 1988). Nevertheless, the decision of the Supreme Court in *Auer v. Penn,* 99 Pa. 370, 375-6 (1882), that "the landlord may allow the property to stand idle, and hold the tenant for the entire rent" has never been overruled, and represents the other side of this issue.

Regardless of how this court would hold on the issue of mitigation, it does not believe the present case falls within the parameters of the mitigation issue. It was represented to the court that there are outstanding bills affixed to the premises in question, namely: "$124 plus electric, $687 plus phone, $137 plus gas, and $1,500 property taxes."

Plaintiff further represented to the court that he is not financially capable of assuming these debts of defendants. Essentially then, there exists a situation where as a result of the degree of tenants' breach, the landlord is *unable* to mitigate his damages should he desire to.

Defendants' second defense to entry of judgment in support of their petition to open confessed judgment is that on February 23, 1990, plaintiff and defendants agreed that defendants would be released from the lease with no further obligation to plaintiff effective April 1, 1990.

The law regarding oral modifications of written instruments was decided long ago by the Supreme Court:

"The rule that when a contract is required by the Statute of Frauds to be in writing its terms cannot be orally modified is well settled. The modification of a contract is subject to the same test to determine validity as is the original contract." *Brown, to use v. Aiken,* 329 Pa. 566, 198 Atl. 441 (1938). (citations omitted)

There is no dispute that the lease between plaintiff and defendants is such that its terms must be reduced to writing pursuant to the Pennsylvania Statute of Frauds, 33 Pa.C.S. §1 et seq. Thus defendants' claim of an oral modification of the lease must fail. Further preventing defendants from succeeding on their claim of novation is paragraph 49 of the lease agreement itself which states:

"(49) No amendment, modification, or alteration of the terms hereof shall be binding unless the same be writing, dated subsequent to the date hereof, and duly executed by the parties hereto."

While it is true that such boilerplate clauses may themselves be altered by subsequent agreements, *Encyclopedia Britannica Inc. v. Cowan,* 142 Pa. Super. 534, 16 A.2d 433 (1940), the terms of the modification must be proven by clear and convincing evidence. *Pellegrene v. Luther,* 403 Pa. 212, 215, 169 A.2d 298, 300 (1961).

Defendants have not met this burden of proof. The fact that they vacated the premises before April 1, 1990 does not establish the terms of the alleged novation. Plaintiff has specifically denied in his answer and new matter of May 1, 1990 that such a modification of the lease took place, and there is no conduct on his part which indicates a desire to release defendants from their obligations under the lease. Defendants' request that judgment be opened based on the principle of novation is therefore denied.

Defendants' third defense to entry of judgment is in the nature of estoppel. Specifically, defendants claim that plaintiff is estopped from enforcing the term of the lease requiring all modifications of the lease to be in writing (paragraph 49). In support of their claim, defendants aver that in two separate instances, plaintiff was aware that defendants had breached certain terms of the lease and he did not insist that a written modification to the lease be made.

Plaintiff's answer and new matter directs the court's attention to paragraph 51 of the lease which provides that:

"No waiver by the parties hereto of any default or breach of any term, condition or covenant of this lease agreement shall be deemed to a waiver of any other breach of the same or of any other term, condition or covenant contained."

In short, plaintiff states that his previous waiver as to the requirement that lease modifications be in writing does not prevent him from presently enforcing it.

It is true that a landlord may be estopped by his conduct from enforcing a particular provision of a lease. *Sferra v. Urling,* 324 Pa. 344, 188 Atl. 185 (1936). However, the court does not believe that plaintiff's waiver of the modification clause with respect to structural alterations (paragraph 6) and changing the nature of the business (paragraph 36(d)) prevents him from enforcing that clause as to all other clauses of the lease. The language of paragraph 51 of the lease anticipates such waivers and the court is inclined to allow this clause its plain meaning. Although plaintiff is estopped from enforcing the modification clause with respect to structural alterations and changes in the nature of the business, he is not estopped from enforcing it as it

relates to an alleged oral agreement releasing defendants from obligations under the lease.

Defendants' last defense to confession of judgment is stated in their amended petition to open confessed judgment, filed November 19, 1990. There, defendants claim that between April 6, 1990 and November 19, 1990, plaintiff changed the locks and reoccupied the premises. Defendants aver that because plaintiff has elected his remedy of confession of judgment, he is not permitted by law to reoccupy the premises. In support of their position, defendants rely on the holding in *H.S. Steen Industries Inc. v. Richer Communications Inc.,* 226 Pa. Super. 219, 314 A.2d 319 (1973), which sets forth that a lessor may not repossess and relet space and collect rent due from breaching lessee. More recently, the court in *Finkle v. Gulf and Western Manufacturing Company,* 744 F.2d 1015 (3d Cir. 1984) stated that:

"[U]pon breach of a material condition in a commercial lease a landlord must elect between repossession and actual damages or acceleration of the balance due." *Id.* at 1021.

The court agrees with this principle of law. The court also agrees that plaintiff has elected his remedy of confession of judgment for accelerated rent. The court does not agree, however, that plaintiff has taken possession of the premises. In most circumstances, a landlord's changing of the locks would constitute affirmative action in preventing a tenant's reoccupation. The circumstances in the present case are somewhat different. Here, the premises were burglarized subsequent to the defendants' abandonment. Plaintiff's entry and changing of the locks reflects a desire to secure his property rather than an intent to reoccupy. In fact, as a result of the

burglary, equipment was taken which would render the premises unusable by the landlord/plaintiff.

The principle that a landlord has a right to protect his property has been addressed before. In *Greco v. Woodlawn Furniture Co.,* 99 Pa. Super. 290 (1930), the court ruled that:

"Distinction must always be made 'between possession of vacated premises taken by the landlord merely to protect the property or minimize damages that would follow the tenant's abandonment, and a possession which would be adverse to any resumption of occupation by the tenant and thus amount to an eviction.'" *Id.* at 292-3, citing *Hochman v. Kuehler,* 53 Pa. Super. 481, 487 (1913).

Pennsylvania Restatement (Second) of Property §12.1(i) supports the rationale of *Greco, supra,* and *Hochman, supra,* when it addresses the issue of abandonment of leased property by a tenant:

"The fact that he (landlord) . . . takes possession only to the extent necessary to protect the leased property against vandalism, does not constitute a taking of possession and occupancy for his own purposes."

Should this court ignore these principles of law, it still must recognize the fact that plaintiff has expressed a willingness to allow defendants to reoccupy the premises upon their payment of the outstanding bills. The premises cannot be used for business until the utilities are restored. Defendants assumed responsibility for these costs. To follow defendants' argument to its logical conclusion would mean that because plaintiff has elected to confess judgment and accelerate the rent, defendants can occupy the premises for the remainder of the lease term without paying anything to plaintiff. This is not the goal behind the principle of a landlord's election of remedies. A tenant does retain possessory rights

when the landlord accelerates, but those rights are accorded him on payment of the accelerated rent. *Matovich v. Gradich,* 123 Pa. Super. 355, 187 Atl. 65 (1936).

For the reasons discussed, the court finds that defendants have not raised a meritorious defense sufficient to permit this court to open the confessed judgment entered against them.

### ORDER

And now, December 12, 1990, it is hereby ordered and decreed that for the reasons discussed in the attached opinion, defendants' petition to open confessed judgment is denied.