Statement of Facts.

'The brief filed cited: Ueberroth v. Riegel, 71 Pa. 280 ; Wiggins' App., 100 Pa. 155 ; Unangst v. Fitler, 84 Pa. 135 ; Remsen v. Graves, 41 N. Y. 471 ; Zabriskie v. Railroad Co., 23 How. 381.

PER CURIAM:

Judgment affirmed.

———————♦♦———————

JAMES WALTON v. J. C. HINNAU.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 28, 1891—Decided January 4, 1892.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 101 October Term 1891, Sup. Ct. ; court below, No. 55 October Term 1889, C. P. No. 2.

On July 15, 1889, James Walton brought ejectment against J. C. Hinnau, to recover a parcel of ground in the Tenth ward, Allegheny City. Issue.

At the trial, on January 16, 1891, before MAGEE, J., the jury returned a verdict for the plaintiff for the land described in the writ, and for thirty-six dollars mesne profits. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal.

Error was assigned to the charge and to the answer to one of defendant's points, but the portions of the charge and the point and answer were not quoted totidem verbis in the specifications, as required by Rule XXIII. Error was assigned, also, to the rejection of a witness offered, but the specification did not quote the full substance of the bill of exceptions, or copy the bill in immediate connection with the specification, as required by Rule XXIV. The first and last specifications were the following :

1. The court erred in stating to the jury that L. R. McAboy, in his deed to James H. Graham, dated February 18, 1871, and

Statement of Facts.

recorded March 1, 1871, for said purpart No. 2 excluded therefrom the half acre in dispute.

10. The court erred in reading to the jury and passing upon the points of the defendant, before giving the general charge to the jury.

*Mr. T. Walter Day*, for the appellant.

*Mr. J. S. Ferguson* (with him *Mr. E. G. Ferguson*), for the appellee.

PER CURIAM:

Judgment affirmed.

---

### J. C. GEARING ET AL. v. L. M. LACHER.

APPEAL BY JAMES GETTY, JR., GARNISHEE, FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Submitted October 28, 1891—Decided January 4, 1892.

Where a portion of a charge, assigned for error, bears the appearance of having been reported with some error or omission altering its meaning, but, as presented, is plainly contradictory of proper instructions given prior thereto on material questions involved, the assignment must be sustained.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 102 October Term 1891, Sup. Ct.; court below, No. 622 June Term 1888, C. P. No. 1.

On May 10, 1888, sur judgment for one thousand three hundred dollars, in favor of J. C. Gearing and Minnie Gearing, his wife, for use of said wife, against Louis M. Lacher, to No. 518 June Term 1887, an execution attachment was issued and served upon James Getty, Jr., summoned as garnishee. On January 18, 1890, a plea was filed by the garnishee.*

---

* It should be noted that in cases coming up from Allegheny county, rarely, if ever, do the docket entries furnished show the nature of the plea filed.