## Sipps, Appellant, *v.* Pusey.

*Appeals—Assignments of error—Direction of verdict—Refusal of judgment n. o. v.—Exceptions.*

1. An assignment of error that "the learned judge erred in directing a verdict for the defendant," violates Rule XV, and will not be considered.

2. When part of the charge of the judge is assigned for error the part assigned must be quoted in its exact words.

3. An assignment of error to the refusal to enter judgment n. o. v. is worthless if no exception was taken to such refusal.

*Landlord and tenant—Eviction—Cutting off water supply.*

4. The fact that a water company cut off the water supply from demised premises for two hours until the landlord made a contract for the water supply, does not constitute an eviction, and this is especially so where there is no provision in the lease that the landlord should supply the water.

5. Where a tenant has held and used the premises during all the time while rent in controversy was accruing he cannot allege as a defense for the payment of the rent that the relation of landlord and tenant had terminated by reason of a judgment entered on the lease for prior rent in arrears and for the possession of the premises.

6. A provision in a lease that "no such determination of the lease nor taking" nor recovering possession of the premises shall deprive the lessor of any action against the lessee for the rent or for damages," applies not only to actions at law, but also to a landlord's warrant.

Argued Nov. 21, 1911. Appeal, No. 108, Oct. T., 1911, by plaintiff, from judgment of C. P. Delaware Co., March Term, 1910, No. 363, on verdict for defendant in case of George L. Sipps v. Fred Taylor Pusey. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Replevin for goods seized for rent. Before JOHN-SON, P. J.

The opinion of the Superior Court states the case.

*Errors assigned* were in the following form:

1. The learned judge erred in directing a verdict for the defendant.

2. The learned court erred in dismissing defendant's motion for judgment non obstante veredicto and in not entering judgment for the plaintiff.

*Francis G. Gallagher*, with him *J. Rohrman Robinson*, for appellant.

*W. Roger Fronfield*, for appellee.

OPINION BY MORRISON, J., March 1, 1912:

The appellant has not taken the trouble to print the pleadings in this case, but we gather from the paper-book that the plaintiff was a tenant of the defendant under a written lease, reserving rent, payable monthly, and that the landlord, alleging that there was due him $400 of rent, issued a landlord's warrant and caused the plaintiff's goods to be seized as he was in the act of leaving the premmises. Plaintiff then issued a writ of replevin to recover possession of the goods seized. We assume that an issue was made up in which the tenant, George L. Sipps, was made plaintiff and the landlord, defendant.

The first assignment of error, is "The learned judge erred in directing a verdict for the defendant." This assignment is so palpably in violation of the rules of this

court that it furnishes no ground for reversing the judgment. It is a bare legal conclusion and violates rule fifteen which is as follows: "When the error assigned is to the charge of the court, or to answers to points, the part of the charge or the points and answers referred to must be quoted ipsissimis verbis in the specification, and the parts of the charge assigned as error shall be enclosed in brackets in the printed charge, with the number of the assignment noted." This is a copy of the Supreme Court rule on the same subject.

In Cessna's Est., 192 Pa. 14, it was held by the Supreme Court as stated in the syllabus: "Assignments of error are an essential part of the pleadings, and as such they should be so complete in themselves as to show the judgment or decree of the Supreme Court, without reference to any other part of the record, which is remitted to the court below after the disposal of the appeal."

When part of the charge of the judge is assigned for error the part assigned must be quoted in its exact words: Walton v. Hinnau, 146 Pa. 396. We are compelled to hold that the first assignment furnishes no ground for reversing the judgment.

The second assignment is as follows: " The learned court erred in dismissing defendant's motion for judgment non obstante veredicto and in not entering judgment for the plaintiff." This assignment is worthless because no exception was taken to the court's refusal to enter such judgment: International Savings & Trust Co. v. Printz, 37 Pa. Superior Ct. 134; McGinnis v. St. Paul Fire & Marine Ins. Co., 38 Pa. Superior Ct. 390; Rothacker v. Phila., 42 Pa. Superior Ct. 408.

In addition to this the assignment charges error in dismissing defendant's motion for judgment non obstante veredicto. It nowhere appears in the record that defendant made any such motion, and why should he when the verdict was taken and entered in his favor? There are no other assignments of error, and we could not reverse this case on the above assignments if we were satisfied that

the court had erred. Before reaching this conclusion we carefully examined the evidence, arguments of counsel and the charge of the court and we do not think the record discloses reversible error.

The plaintiff rented the premises in question under a written lease and he sets up two grounds of defense to the payment of rent for a period of time for which it is conceded he had the uninterrupted use and possession of the leased premises. The amount of the rent due and unpaid was agreed to between the counsel of the respective parties, at the trial, and the value of the property distrained was fixed by plaintiff's own testimony. Of course plaintiff's counsel contended that their client was not legally liable for the rent.

The first ground of defense was an alleged eviction, but it appears from the undisputed evidence that plaintiff was not in fact evicted or interfered with in the use of the premises. His complaint is founded on the fact that the water company shut off the supply of water from the premises for about two hours until plaintiff made a contract for the water and paid for it in accordance therewith. The written lease under which he held contained no provision that the landlord should furnish water. Plaintiff averred that there was an oral agreement in regard to the water, but we do not think the evidence sufficient to require the court to submit that question to the jury. The claim of an eviction is trifling. The plaintiff relies on McSorley v. Allen, 36 Pa. Superior Ct. 271, and other cases along the same lines. But the facts do not bring his case within the rule found in the cases cited.

His other ground of defense is that the relation of landlord and tenant had terminated by reason of a judgment entered on the lease for prior rent in arrear and for the possession of the premises. He admits, however, that he held and used the premises during all of the time while the rent in controversy accrued. And it was rent which accrued subsequent to that which was included in the judgment. The lease provided: "No such determination

of this lease nor taking or recovering possession of the premises, shall deprive the lessor of any action against the lessee for the rent or for damages." The plaintiff's counsel contend that this provision is limited to actions at law, but we think it ought also to be construed to apply to proceedings on a landlord's warrant for the collection of rent. This language is contained in the tenant lease and it would be highly technical, as well as unreasonable, to hold that the landlord and tenant only had in view, in its use, actions at law.

We discover no merit to the plaintiff's objections to the payment of the rent, and believing that the court below reached a correct conclusion, we do not hesitate to enforce the rules and hold that the assignments of error are so fatally defective that they cannot be considered.

There is no general exception to the charge. There is, however, an exception to the action of the court in directing the verdict. The only force in this exception is to the legal right of the court to direct a verdict because its amount was agreed upon, if recoverable by law, and the value of the property was fixed by the plaintiff's own testimony. In our opinion, the court committed no legal error in giving a binding instruction to the jury on the conceded facts. And we would so hold if the assignments of error properly raised this question.

The plaintiff presented five written points for instructions to the jury and they were all refused by the court, and the plaintiff excepted, but he has failed to assign error to the answers to these points, or to any of them, and therefore they cannot be considered.

The assignments of error are dismissed and the judgment is affirmed.