# Purvis v. Dempsey, Appellant.

*Landlord and tenant—Breach of conditions of lease—Remedies —Forfeiture—Judgment by confession—Opening judgment.*

1. A written lease of real estate for a term of years provided that the lessee should not underlet the premises "without the written consent of the lessors under the penalty of instant forfeiture of the unexpired part of the term for which this lease is given." It was further provided that in case of default in payment of rent or "any other breach of covenant upon the part of the lessee the whole of the rent shall at the option of the lessors become due and payable to the lessors, or their attorney may enter or confess judgment against the lessee for the whole amount of said rent." The lease also contained this clause: "A determining of the term or receipt of rent after default or after judgment, or after execution, shall not deprive the lessors of other actions against the lessee for possession, or for rent or damages, but the lessors may use the remedies herein given, or those provided by law." The lessee underlet the premises, and thereafter the lessors entered judgment by confession for the whole rent for the balance of the term. *Held*, (1) that the remedy by forfeiture of the unexpired term was not exclusive; (2) that the lessors had a right to enter judgment for the whole of the rent for the unexpired term; (3) that the judgment should not be stricken off.

2. In such a case an affidavit made by the lessor filed with the lease and averring a breach of the condition is sufficient in the first instance to support the judgment.

Argued October 15, 1912. Appeal, No. 130, Oct. T., 1912, by defendant, from order of C. P. Butler Co., March T., 1912, No. 123, discharging rule to strike off judgment in case of Mary E. Purvis, et al., v. W. W. Dempsey. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to show cause why a judgment should not be stricken from the record.

From the record it appeared that on February 7, 1910, the plaintiffs executed a lease to the defendant of real estate in the Borough of Butler for the term of ten years

for a total rent of twenty thousand dollars payable two thousand dollars per year in quarterly installments.

The material portions of the lease were as follows:

The lessee further covenants and agrees to use and occupy said described premises as a planing mill only and to not assign or transfer this lease, or to under lease or let said premises or any part thereof without the written consent of the lessors under penalty of instant forfeiture of the unexpired part of the term for which this lease is given.

The lessee further agrees to surrender the premises at the end of the term, notice to quit being hereby expressly waived.

In case default be made any time in the payment of any one of said installments of rent when due and forthwith on any other breach of covenant upon the part of lessee the whole of the rent shall at the option of the lessors become due and payable and the lessors of their attorney may enter or confess judgment against the lessee for the whole amount of said rent, with the costs of suit, attorney's commission of 5 per cent. for collection, release of all errors and without stay of execution, hereby waiving inquisition and condemnation, and sale on fi. fa. agreed to, and the benefit of exemption claimed under and by virtue of any exemption law now in force or which may be hereafter passed is hereby expressly waived, and the term shall at the election of the lessors determine and the lessors may without notice reenter and expel said lessee and all persons from the premises, or at the lessors' option enter judgment in ejectment against said lessee and all persons holding under said lessee for possession of the premises and for entering said judgment or judgments this lease or a copy thereof shall be a sufficient warrant to any person.

A determining of the term or receipt of rent after default, or after judgment or after execution shall not deprive the lessors of other actions against the lessee for possession or for rent or damages, but the lessors may use the remedies herein given or those provided by law.

In the event of the determining of the term of this lease by reason of a default or breach of any of the terms or conditions hereof the lessee shall have, upon the payment in full of all rent due two months from the date of service of written notice from the lessors or their agent of their election to determine or end the term of this lease within which to remove any buildings, property, etc., he may have or bring upon said premises and failure of the lessee to remove said property within said time shall be considered an abandonment of the same and title thereto shall thereupon vest in the lessors.

Other facts appear by the opinion of GALBREATH, P. J., which was as follows:

By written agreement bearing date February 7, 1910, the plaintiffs leased to the defendant, for a period of ten years, certain real estate situate in the Borough of Butler, Pennsylvania, used and occupied for the purpose of a planing mill, for the annual rental of two thousand dollars. This agreement provides, inter alia, as follows:

"The lessee further covenants and agrees to use and occupy said described premises as a planing mill only and to not assign or transfer this lease, or to underlease or let said premises or any part thereof without the written consent of the lessors under penalty of instant forfeiture of the unexpired part of the term for which this lease is given." The lease further provides that "In case default be made any time in the payment of any one of said installments of rent when due and forthwith on any other breach of covenant upon the part of the lessee the whole of the rent shall at the option of the lessors become due and payable and the lessors or their attorney may enter or confess judgment against the lessee for the whole amount of said rent, with the costs of suit, attorney's commission of five per cent. for collection, release of all errors and without stay of execution, hereby waiving inquisition and condemnation, and sale on fi. fa. agreed to, and the benefit of exemption claimed

under and by virtue of any exemption law now in force or which may be hereafter passed is hereby expressly waived, and the term shall at the election of the lessors determine and the lessors may without notice re-enter and expel said lessee and all persons from the premises, or at the lessor's option enter judgment in ejectment against said lessee and all persons holding under said lessee for possession of the premises, and for entering said judgment or judgments this lease or a copy thereof shall be a sufficient warrant to any person."

On January 26, 1912, the plaintiffs entered judgment by virtue of the warrant of attorney contained in said lease against the said defendant. The entry of said judgment was accompanied by an affidavit made by S. H. Purvis, one of the plaintiffs, setting forth, inter alia: "That W. W. Dempsey, the above named defendant and lessee in said lease did assign and transfer said lease, and did underlease and underlet said premises or a part thereof, without the written consent of the plaintiffs or lessors in said lease to the Butler Planing Mill Company, incorporated, who went into possession of said premises or a part thereof, and operated said planing mill, or a portion thereof under a transfer and sub-lease from said W. W. Dempsey, in violation of the terms and conditions of said lease. That on account of the breach of the covenant above set forth, the whole of the rent for the balance of the term of said lease has become due and payable under the terms and provisions of said lease, and that there is due, owing and unpaid from defendant to the plaintiffs the sum of Seventeen Thousand Five Hundred Dollars, the rent from May 7th, 1911, to February 7th, 1920, at the rent of Two Thousand Dollars per year, being the amount for which judgment is confessed, with attorney's commission of five per cent."

On part of the defendant it is contended in support of the motion to strike off said judgment that under the provision of said lease an exclusive remedy is provided in case the lessee should underlease the premises with-

out the written consent of the lessors, namely, by instant forfeiture of the unexpired term for which the lease was given.

On part of plaintiffs, however, it is contended that they are not confined to the remedy by forfeiture of the unexpired term, but that under the further provisions of said contract or lease they are entitled to a judgment for the rent for the unexpired term. The provision of the lease on which this contention rests is that "In case default be made any time in the payment of any one of said installments of rent when due and forthwith on any other breach of covenant upon the part of the lessee, the whole of the rent shall at the option of the lessors become due and payable and the lessors or their attorney may enter or confess judgment against the lessee for the whole amount of said rent, etc."

We are not convinced that the remedy by instant forfeiture in case of an unauthorized assignment of the lease is the exclusive one of which the plaintiffs may avail themselves. Such an interpretation of the written agreement does not, we think, harmonize with what seems to have been the evident intention of the parties. The remedy by forfeiture is, under the general rule for the benefit of the lessor and he is not obliged to invoke it against his will. But even assuming that the lessors had seen fit to assert their right of forfeiture, this would not still, under the provisions of the lease, have relieved the defendant from the payment of rent thereafter falling due. This would seem to be the meaning of that provision of the lease that "In case default be made at any time in the payment of any one of said installments of rent when due and forthwith on any other breach of covenant upon the part of the lessee the whole of the rent shall, at the option of the lessors become due and payable, and the lessors or their attorney may enter or confess judgment against the lessee for the whole amount of said rent." This provision is supplemental to the prior provision whereby the lessors may forfeit

by reason of any unauthorized assignment of the lease. Such forfeiture would not end the contractual relations of the parties, but would still leave the defendant liable for all future rent, under the provision which we have just quoted. That such was the intention of the parties and that such is the meaning of their contract is further evidenced, we think, by the following provision: "A determining of the term or receipt of rent after default, or after judgment or after execution shall not deprive the lessors of other actions against the lessee for possession or for rent or damages, but the lessors may use the remedies herein given or those provided by law."

We conclude therefore, that whilst the provision of the contract whereby the lessors may declare a forfeiture of the lease is one of the remedies at their disposal, yet, it is not an exclusive one, and if at their option it had been exercised, their right would still remain of entering judgment against the lessee for the whole amount of the rent and the defendant, we think, cannot be heard to complain that instead of declaring a forfeiture and supplementing such declaration of forfeiture with the judgment confessed for rent, the plaintiffs have entered judgment for the rent without declaring a forfeiture.

It is further contended on part of the defendant that the judgment entered in this case is without authority in law or under the terms of the lease, as in said lease no provision is contained authorizing the decision of the question of default by the lessors, and the entry of judgment against the lessee upon the ex parte affidavit of the plaintiffs or their representative.

We must assume that the provision in the contract authorizing the plaintiffs, by their attorney, in certain events to confess judgment was intended to have a meaning and in certain contingencies to become operative. It is true that the contract of lease makes no provision whereby the fact of the alleged breach shall first be determined before judgment is entered. It is equally true

that no provision is made whereby the defendant can be heard before entry of judgment against him. In the absence of any such provision we think that the averment of the plaintiffs under oath of a breach of condition is sufficient in the first instance to support the judgment. Then, too, the contract itself provides that "for entering said judgment or judgments this lease or a copy thereof shall be a sufficient warrant to any person." If the breach of condition be denied, such denial may be made the basis of a proceeding to open the judgment, as may also any denial on the part of the defendant that the rent represented, being the amount of the judgment, is properly due. For these reasons we conclude that the rule to strike off the judgment cannot be sustained and the same is therefore discharged.

*Error assigned* was order discharging the rule to strike off judgment.

*Robert W. Smith,* with him *Benjamin R. Williams* and *James S. Moorhead,* for appellant.—The sole and only remedy under this contract for breach of the covenant against subletting or underleasing is forfeiture of the unexpired term: Henry v. Lehigh Valley Coal Co., 215 Pa. 448; Payne v. Roberts, 214 Pa. 568; Renick v. Boyd, 99 Pa. 555.

There was no authority to enter the judgment: Miller v. Neidzielska, 176 Pa. 409; Ellis v. Ambler, 11 Pa. Superior Ct. 406; Stewart v. Lawson, 181 Pa. 549; Bennett v. Haley, 142 Pa. 253; Secor v. Shippey, 7 Pa. C. C. R. 555.

*Charles F. Hosford,* with him *Aaron E. Reiber,* for appellees.

PER CURIAM, January 6, 1913:

The order appealed from is affirmed on the opinion of the learned judge of the Common Pleas discharging the rule to strike off the judgment.