## Pusey, Appellant, *v.* Sipps.

*Landlord and tenant—Ejectment—Termination of lease—Rent—Suit for rent.*

Where a lessor has terminated a lease by entering judgment in ejectment, and the lessee has surrendered the possession under compulsion of the plaintiff's proceeding, although not under the actual compulsion of a writ, the lessor cannot recover rent as such, for the period after removal either by virtue of the general covenant in the lease to pay rent or by virtue of a special clause therein that "no such determination of this lease nor taking nor receiving possession of the premises shall deprive the lessor of any action against the lessee for the rent or for damages."

Sipps v. Pusey, 49 Pa. Superior Ct. 326, explained.

Argued Nov. 18, 1913. Appeal, No. 170, Oct. T., 1913, by plaintiff, from judgment of C. P. Del. Co., March T., 1911, No. 59, on verdict for defendant in case of Fred Taylor Pusey v. George L. Sipps. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for rent. Before BROOMALL, J. See Sipps v. Pusey, 49 Pa. Superior Ct. 326.

The plaintiff's statement was as follows:

The plaintiff, Fred Taylor Pusey, claims to recover from the defendant, George L. Sipps, the sum of $504, with interest thereon as hereinafter set out, which amount is justly due and payable by the defendant to the plaintiff under the terms of a certain lease entered into, by and between said plaintiff and said defendant, a copy of which lease is hereto annexed and made a part hereof. By virtue of said lease the said George L. Sipps on September 15, 1909, went into possession of the premises described in said lease and paid the rent therefor up to and including the rent due September 15, 1910, but has failed, neglected and refused to pay the amount agreed to be paid under the terms of said lease from that time up to and including the payment due March 15, 1911, being $80.00 per month due on the fifteenth days of each of the months of October, November and December, 1910 and January, February and March, 1911, together with · $24.00 being five per cent thereof added as a collection fee, provided for under the terms of said lease and to be added to and collected as a part of the costs in case distraint or suit is brought for the collection of the said amount due under the terms of said lease; that the said defendant violated the terms and conditions of his said lease and agreement in that he did not pay to the said plaintiff the sum of $80.00 per month due on the said fifteenth days of the months of October, November and December, 1910, and January, February and March, 1911, wherefor and by reason thereof, the plaintiff suffered damages in the sum of $504, with interest on $80.00 thereof from October 15, 1910; on $80.00 thereof from November 15, 1910; on $80.00 from December 15, 1910; on $80.00 thereof from January 15, 1911; on $80.00 thereof from February 15, 1911; on $80.00 thereof from March 15, 1911, which amount the defendant declines to pay, therefore this suit.

The court directed judgment for defendant.

Verdict and judgment for defendant.

On a rule for a new trial BROOMALL, J., filed the following opinion:

On August 20, 1909, the plaintiff leased to the defendant a dwelling house property for a term commencing September 15, 1909, for a term of one year and seven months for a monthly rent of $80.00. The defendant entered into possession under this lease and defaulted in the payment of the rent due on April 15 and May 15, 1910. One of the covenants of the lease is "and if the said lessee shall violate any of the covenants herein contained, then the said lessor shall have power hereby to terminate this lease, and any attorney may immediately thereafter as attorney for the said lessee sign an agreement for entering in any competent court an amicable action and judgment in ejectment (without any stay of execution) against the said lessee and all persons claiming under him for the recovering by the said lessor of possession of the hereby demised premises for which this shall be a sufficient warrant; and the said lessee hereby releases to the said lessor all errors and defects whatsoever in entering such action or judgment or any proceeding thereon or concerning the same, and thereby agrees that no writ of error or objection or exception shall be made or taken thereto. No such determination of this lease, nor taking ·or recovering possession of the premises shall deprive the lessor of any action against the lessee for the rent or for damages." When the defendant defaulted, as above stated, the plaintiff procured judgment in ejectment to be entered on the said lease, wherein the plaintiff filed his declaration setting forth, inter alia, "Whereupon I Fred Taylor Pusey, the lessor, hereby terminate the said lease and direct an amicable action and judgment in ejectment to be entered against the said lessee and all persons claiming under him for the recovering by me, the lessor, of the possession of the said demised premises." Whereupon the defendant made application to the court to have the judgment opened, and a rule to

show cause was granted and a stay of execution pending the determination of the rule. This rule was discharged on September 22, 1910. At this time the judgment of the court in favor of the plaintiff and against the defendant for the possession of the demised property became absolute. Thereupon the defendant proceeded to remove from the demised premises. And thereupon the plaintiff distrained for the rent which was then due. The defendant replevied the property, and the case having come on for trial, we held that the lessor had the legal right to distrain for the rent owing to the time the lessee vacated the premises. The lessee appealed to the Superior Court and the Superior Court sustained the judgment: Sipps v. Pusey, 49 Pa. Superior Ct. 326. In the opinion by MORRISON, J., it appears that the appeal was dismissed because the assignments of error did not comply with the rules. In dismissing the appeal, however, the learned judge gave expression to his views on the question attempted to be raised, whether the words in the lease providing for "any action against the lessee for the rent or for damages" included a proceeding by distress, and he held that it did. The present suit is brought by the lessor for the purpose of recovering the rent which became due after the lessee vacated the premises. It is under this view, that we directed the jury to find for the defendant. "Where the lessor re-enters and declares a forfeiture of the term for breach of covenants on the part of the lessee, the lessee is released from liability for subsequently accruing rents;" "and it has been held that the service by the lessor upon the lessee of a declaration in ejectment for the demised premises for a forfeiture operates as a final election by the lessor to determine the lease, and he cannot afterwards, though there has not been any judgment in the ejectment action, recover for rent subsequently accruing. Where the lessee remains in possession after the re-entry by the lessor, he must be treated as a wrongdoer, and is liable for mesne profits, but not

for rent: 18 Amer. & Eng. Enc. of Law (2d ed.), p. 301. "If a lease stipulates that for any breach of covenant, the lease shall determine and be utterly void at the election of the lessor, an entry by the landlord is an exercise of his option to determine the lease, and he cannot recover for subsequent rent:" Grommes v. St. Paul Trust Co., 147 Ill. 634, 37 American State Repr. 248. It is therefore manifest that if there had been no reservation in this lease of an action for rent or for damages, the lease would have become absolutely determined for all purposes when the plaintiff so elected, and procured a judgment in ejectment in his favor. Therefore, the question in this case is the construction and effect of the clause referred to. This clause has two aspects; one of which refers to the rent, and the other to damages. So far as future rent is concerned, there could be no rent accruing upon a determined lease. In the former action of replevin, we were of the opinion that the lease was not finally determined until the dismissal of the rule to show cause why the judgments should not be opened; and in that case the lessor was permitted to recover the rent under the lease until that time. "The lease may, however, expressly provide that a re-entry by the landlord shall not determine the lease, or relieve the lessee from liability for rents subsequently accruing and in such a case the tenant will be liable in effect for rents during the full term, though the lessor re-enters. In such a case, however, the recovery by the landlord seems to be rather a recovery for damages than strictly a recovery for rent, and therefore, if the landlord after re-entry relets the premises, the tenant will be entitled to a credit for the amount received by the landlord on such reletting:" 18 Amer. & Eng. Enc. of Law (2d ed.), p. 301. See also Purvis v. Dempsey, 238 Pa. 173, where a lease stipulated that upon a breach by the lessee, the lessor had the right of instant forfeiture and an entry of judgment for the amount of the rent to the end of the term. A breach occurred and the

lessor entered judgment for the rent of the unexpired term, without declaring a forfeiture. On a rule to open the judgment, it was held that the remedy of judgment for the future rent and the remedy for repossession were cumulative, and this because the contract makes them so. It is to be noted that the judgment in the case cited may be considered as damage for the breach which had then occurred. While the monthly payments under the lease in the present case, which accrued prior to the affirmance by this court of the action of the plaintiff, in declaring a determination of the term and entering judgment, may be considered as rent, yet in no sense can the monthly payments accruing after that time, and after the tenant had vacated the premises, be considered as rent. The lessor has elected to extinguish the tenancy. No obligation to pay rent could survive the dissolution of the relation of landlord and tenant. It is under this view that this case was ruled for the defendant on the trial.

Our attention is now more particularly directed to a consideration of the clause, "No such determination of this lease, nor taking or recovering possession of the premises shall deprive the lessor of an action against the lessee for the rent or for damages." So far as rent is concerned this must be restricted to rent due prior to recovering possession. True, the lessor had already a right of action for accrued rent, and it may be asked, why does the lease stipulate for a reservation to the lessor of that which he already had? But when the lessor terminates the lease, one of the results is that he may not sue on it to collect the rent due for the past. Hence the office of this provision is to enable the lessor to sue on the lease to collect the past rent, notwithstanding he has terminated the lease. But a right of action for damages is also reserved. This means damages for the breach, by reason of which the lessor has terminated the lease. This right of action would exist anyhow, and especially by reason of being reserved in

the lease. It is reserved so as to avoid the implication that the forfeiture of the term is the only result of a breach by the lessee. But this case was neither declared nor tried as a case for damages for the breach which occurred prior to the forfeiture. It is set forth in plaintiff's statement as a claim for rent, qua rent, and the breaches alleged are the nonpayment of the subsequent rent. The illogical position is this: The plaintiff declares the lease at an end; he is to be no further bound by it; he obtains the judgment of the court, that he has the right of possession; the tenant recognizing that he has no right of possession moves out; then the plaintiff sues to recover rent owing under the dead lease, as compensation for a vacant possession, made vacant by the plaintiff, who has succeeded in establishing his right to the possession. We do not think that this can be done.

The plaintiff's rule for a new trial is, therefore, discharged.

*Error assigned* was in giving binding instructions for defendant.

*W. Roger Fronefield,* for appellant.—When the tenant violated the terms of his lease in arbitrarily refusing to pay the rent due April 15 and May 15, 1910, the lease was terminated and the damages to the plaintiff resulting from that termination of the lease are measured by the amount of rent lost by the plaintiff to the end of the term of the lease and are in the present case the sum of $504: Purvis v. Dempsey, 238 Pa. 173.

The judgment in ejectment was entered in May and so far as the plaintiff is concerned his action terminated the lease then: Gallup v. Reynolds, 8 Watts, 424; Fulton's Est., 51 Pa. 204; Kittanning Ins. Co. v. Scott, 101 Pa. 449.

When a tenant occupies the landlord's property for five months after he claims the lease is terminated, he

cannot then, if it suits him, move out and escape payment of rent: Hochman v. Kuebler, 53 Pa. Superior Ct. 481.

*Francis G. Gallagher*, with him *J. Rohrman Robinson*, for appellee.

OPINION BY RICE, P. J., February 20, 1914:

We are of opinion that this case was correctly decided, for the reasons given by the learned trial judge in overruling the plaintiff's rule for a new trial and motion for judgment non obstante veredicto. What we shall say will be merely supplementary to his opinion.

Criticism is made of this clause of his opinion: "But this case was neither declared on nor tried as a case for damages for the breach which occurred prior to the forfeiture. It is set forth in the plaintiff's statement as a claim for rent, qua rent, and the breaches alleged are the nonpayment of the subsequent rent." This construction of the statement of claim is strictly accurate, as will be shown by a brief reference to some of its material allegations. The action was assumpsit, and in his statement the plaintiff claimed $504 with interest and a collection fee of five per cent, which he alleged to be due and payable by the defendant under the terms of the lease. After setting forth that the defendant went into possession and paid the rent up to and including the rent due September 15, 1910 (the rent was payable monthly in advance), the statement alleged that he neglected and refused to pay the stipulated rent of $80.00 a month due on the 15th days of the months of October, 1910, to and including March, 1911; that the defendant violated the terms of the lease in that he did not pay the rent for those months: "wherefore and by reason thereof the plaintiff suffered damages" in the total amount claimed. Whether the action be regarded as a common-law action of debt for the recovery of rent eo nomine, with damages for its detention, or a common-

law action of covenant for the recovery of damages for the breach of the covenant to pay rent, it was founded exclusively on a claim of rent for the months named, and no other breach of covenant was alleged than the failure to pay rent for those months. If the plaintiff was not entitled to recover rent for those months there is no permissible view of the unamended statement of claim under which he could recover damages.

Comment is made that in Sipps v. Pusey, 49 Pa. Superior Ct. 326, we held that the defendant was liable for the rent for the five months during which he remained in possession after the plaintiff entered judgment in ejectment against him. But it is to be borne in mind that the forfeiture which the plaintiff attempted to enforce by ejecting the defendant, was held in abeyance, at the defendant's instance, during the pendency of the rule to open that judgment, and, as he held possession during that period, it was just that he should pay rent. The decision does not warrant the implication that, when the stay was removed and the determination of the tenancy became completely effective by the defendant's surrender of the premises, the covenant to pay rent remained in force as to rent which but for this would have accrued afterwards.

Another suggestion is thus stated by counsel for appellant: "Besides this, after the writ of habere facias was dead and the tenant had remained in the property some five months after the writ was issued, and without any other writ or notice from the plaintiff, the defendant violated his lease which he had sought to uphold, and moved from the premises. When a tenant occupies the landlord's property for five months after he claims the lease is terminated, he cannot then, if it suits him, move out and escape payment of rent." It is true the defendant attempted to prevent the forfeiture becoming effective, but he failed in that effort and the plaintiff succeeded in his effort to have it sustained. After the rule to open the judgment was discharged and the tem-

porary stay of proceedings was removed, the plaintiff did nothing, so far as the evidence shows, from which the defendant could infer that the termination of the lease would not be insisted on by the plaintiff or that the judgment would not be enforced. That judgment was in full force and had been duly determined to be a valid judgment. The writ of habere facias possessionem had not been set aside; it simply had been stayed pending the rule. Under these circumstances, the defendant cannot be said to have violated the terms of the lease or to have acted voluntarily in removing from the premises because he did not await the issuance of a new writ and subject himself to the costs of actual expulsion by the sheriff. When he removed in obedience to the judgment and the plaintiff's election to terminate the lease, there was as truly a dissolution of the relation of landlord and tenant as where, after hostile assertion by a third person of a paramount title, by suit brought, the lessee, without fraud or collusion, yields thereto, and, on the trial of the issue between him and the landlord, proves that the third person had title paramount. In such cases, actual expulsion from the premises by the sheriff is not necessary: Ross v. Dysart, 33 Pa. 452; Wilson v. Sale, 41 Pa. Superior Ct. 566; Jackson & Gross on Landlord & Tenant, sec. 1009, citing Greenvault v. Davis, 4 Hill (N. Y.), 643; Hamilton v. Cutts, 4 Mass. 349.

The plaintiff having terminated the lease, and the defendant having surrendered the possession under compulsion of the plaintiff's proceeding for that purpose, the court was right in holding that the latter could not recover rent for the period after removal, either by virtue of the general covenant to pay rent or by virtue of the special agreement that "no such determination of this lease, nor taking or receiving possession of the premises shall deprive the lessor of any action against the lessee for the rent or for damages." If at the time this suit was brought there was any rent due and unpaid for the

months named, an action to recover the same would survive the plaintiff's determination of the lease; but, as we have seen, no rent was due and unpaid.

The judgment is affirmed.