Grakelow, Appellant, *v.* Kidder.

Argued October 11, 1928.

Be-

fore HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. ▮▮▮▮▮

*Hassrick & Stewart,* for appellant.—By the terms of the lease the lessee waived his right to attack judgment entered thereunder: Consumers Mining Company v. Chatak, 92 Superior Ct. 17.

*William Glassman,* and with him *Meyer Emil Maurer* of *Hirschwald, Goff & Davis,* for appellee.— Judgment in ejectment cannot be confessed on a lease so incomplete on its face that matters dehors the record must be resorted to in order to enter judgment: Nolan v. Sweeney, 80 Pa. 77; Smith v. Brotherline, 62 Pa. 461; Miles Land Company v. Pennsylvania Coal Co., 277 Pa. 63; Earnest v. Hoskins, 100 Pa. 551; Braddee v. Brownfield, 4 Watts 474. Judgment cannot be confessed for rent by virtue of an acceleration clause in the lease, where the lease authorizes only the confession of a judgment in ejectment and for rent in arrears and where a judgment in ejectment has been confessed under the lease: Pusey v. Sipps, 56 Pa. Superior Ct. 121; General Realty Company v. Gold, 293 Pa. 260; Philadelphia v. Campbell, 11 Phila. 163. The right to strike off an improper judgment was not waived by the terms of the lease: Curry v. Bacharach Quality Shops, 271 Pa. 364; Disanto v. Rowland, 83 Pa. Superior Ct. 155.

Opinion by Cunningham, J., January 25, 1929:

Appellant, plaintiff below and lessor in the lease out of which this litigation arose, entered an amicable action in ejectment against the lessee, appellee herein, and an attorney of that court, stating that he was acting "by power and authority contained" in the lease, confessed on November 7, 1927, two judgments in favor of appellant and against the appellee. One was a judgment in ejectment for "the third floor of 2452 North Broad Street, City and County of Philadelphia, State of Pennsylvania," and the other a judgment "in the sum of $715, being eleven month's rent for said premises, due November 1, 1927, to October 1, 1928, inclusive," together with interest and attorney's fees amounting in the aggregate to $788.65. The court below made absolute rules obtained by the defendant lessee to strike off these judgments and the plaintiff lessor has appealed.

Two reasons were stated by the court below: (a) that the description of the subject matter of the lease as found therein is too vague, indefinite and uncertain to sustain the judgment in ejectment or render possible the execution of a writ of habere facias possessionem thereon; and (b) it appears upon the face of the money judgment that it is for rent for a period following the entry of the judgment in ejectment and not for rent "in arrear and unpaid" when that judgment was entered. The latter is the important question upon this appeal. The proceeding was to strike off and our consideration must therefore be confined to matters appearing on the face of the record. From it we find that the lease, a copy of which is attached to the agreement for the amicable action, is dated October 1, 1926, and by it the lessor demised "the apartment or suite of rooms, No. 2452 on the 3rd floor of ...... for the term of 1 year from the 1st day of Oct. A. D. 1926, at the monthly rent of 65.00 Dollars, payable in advance."

The seventh paragraph provides that "either party may terminate this lease at the expiration of the term hereby created, by giving to the other 30 days' written notice of intention so to do, but in default of such notice, this lease, with all the conditions and covenants thereof, shall continue for the additional term of ...... and so on from year to year until terminated by either party giving to the other 30 days' written notice of intention to terminate said lease at the expiration of the then current term."

The third paragraph reads: "If at any time during and before the expiration of the term of this lease, the lessee shall remove or attempt to remove or vacate said apartment, then the whole of the rent for said term then remaining unpaid shall, at the option of the lessor, be and become payable forthwith, and the lessor shall have full power and authority to demand, recover and collect any balance of rent for said term then remaining unpaid at the rate aforesaid by distraint or any process of law, as rent of said apartment then due and payable," etc.

The provisions relative to the entering of an amicable action of ejectment and the confessing of judgments therein are found in the eighth paragraph and, in so far as they are material to the issue, read: "If the said rent shall at any time be in arrear and unpaid, or if the said lessee shall violate any other of the covenants or conditions herein contained on his part to be performed and kept, then this lease shall absolutely determine at the option of the lessor who may forthwith file this lease, or a copy thereof, in the office of the prothonotary or clerk of any court, together with an affidavit of a person having knowledge of any such breach or violation, and ...... enter in ...... said court an amicable action in ejectment for the premises above demised......and any attorney is hereby authorized and empowered to sign said amicable

action in ejectment for the said lessee ...... and also to appear for and confess judgment therein against said party defendant for the recovery of the possession of the aforesaid premises, and also for all arrearages of rent, if any, ...... and the cost, including an attorney fee of ten per cent. to be assessed as part of said costs ...... upon which judgment a writ of possession or *habere facias possessionem* shall issue in said action, for said premises, with a clause of *fieri facias* for such arrearages of rent, if any, ...... all of which proceedings shall be without right to the party defendant to have an appeal, certiorari, writ of error, exception, motion or rule to open judgment, or set aside execution.''

From the affidavit of default made by appellant it appears that the lessee entered upon and occupied the premises under the lease from its date, October 1, 1926, to November 1, 1927, at which time appellant alleges he violated one of its covenants ''by attempting to vacate the said premises without the consent of the lessor prior to the expiration of the then current term.'' It is further averred that under the provisions of the lease there then became due and owing to the lessor $715, as rent for the eleven months of the remainder of the then current term—November 1, 1927, to October 1, 1928. Appellant did not undertake to maintain the relation of landlord and tenant and enforce his rights under the third paragraph of the lease, the acceleration clause above quoted, by proceeding to ''recover and collect [the] balance of rent for said term then remaining unpaid ...... by distraint or any process of law,'' but elected to terminate the lease under the eighth paragraph by entering a judgment in ejectment.

Assuming for the present that the judgment in ejectment is valid, notwithstanding the vagueness of the description of the subject matter of the lease, and

noting from the record that possession was given to the lessor by the sheriff on November 10, 1927, pursuant to the habere facias issued on the judgment, the question arises whether the lessor, having terminated the lease in this manner and ejected the lessee, can recover rent as such for the eleven months following the execution of the writ. On this branch of the case the situation seems to be similar to that which existed in the case of Pusey v. Sipps, 56 Pa. Superior Ct. 121, in which the lessor sought to recover rent for the remainder of the term after confessing judgment in ejectment against the lessee. This court practically adopted the opinion of the court below in that case. Paraphrasing the language of the court below in describing the position of the lessor there, we may say that the illogical position of the lessor here is this: He declares the lease at an end; he is to be no further bound by it; he asserts his right to possession and obtains it; the lessee is ejected; then the lessor seeks to recover rent alleged to be owing under the dead lease as compensation for a vacant possession, made vacant by him.

We think this cannot be done. If appellant, instead of entering judgment in ejectment, had proceeded under the third clause in the lease, we would have a different question—one more nearly resembling that involved in Purvis v. Dempsey, 238 Pa. 173, where the lessor proceeded for rent for the unexpired term without declaring a forfeiture. There is no provision in the present lease to the effect that a re-entry by the landlord shall not determine the lease and shall not relieve the lessee from liability for rent subsequently accruing. It may also be observed that, where a tenant who has vacated is liable for rent during the full term, the recovery by the landlord seems to be rather a recovery for damages than strictly a recovery for rent, and therefore, if the landlord re-lets the premises, the tenant will be entitled to a credit for the

amount received by the landlord on such re-letting. It does not appear upon the face of this record whether or not appellant has received any rental from the apartment during the eleven months for which the judgment was confessed. Clearly, it would be unjust to permit the lessor to eject the lessee under the eighth clause and confess a judgment for future rent under the acceleration clause, if the apartment was rented to another tenant during all or any part of the eleven months in question. He cannot have both the possession and the rent of the apartment at the same time. Under all the circumstances we are satisfied that the money judgment was irregular and invalid and that the court below was justified in striking it off.

On the other branch of the case we are not convinced that the court below erred in striking off the judgment in ejectment. In Pittsburgh Terminal Coal Corp. v. Robert Potts, 92 Pa. Superior Ct. 1, we considered the question of the validity of judgments confessed in amicable actions and stated that it is essential "that the defendant in the proposed action shall have agreed that it shall be an amicable, as distinguished from an adverse, proceeding, and that he will therein confess, or authorize his attorney to confess for him, such judgment as the plaintiff would be entitled to recover in the event of a successful termination of similar adverse proceedings." In the present case the lessee agreed that an amicable action might be entered "for the premises above demised," and authorized any attorney to sign the agreement therefor and to appear and confess judgment therein against him "for the recovery of the possession of the aforesaid premises," etc. The premises demised were described in the lease as "the apartment or suite of rooms No. 2452 on the 3rd floor of ...... " In the agreement for the amicable action signed by the attorneys for the lessor and by an attorney acting, upon that occasion, for the lessee it is set forth that it is agreed that the action be

entered by the prothonotary as if a summons in eject-
ment had been issued by the lessor as plaintiff "for
all and singular the apartment situate on the third
floor of the premises, 2452 North Broad Street, Phila-
delphia." The judgment was confessed for the "third
floor of 2452 North Broad Street, City and County
of Philadelphia, State of Pennsylvania." The lessee
had not authorized the attorney acting for him to
amend the description of the premises by writing in
the name of the street and the city. The attorney
could not thus extend his warrant. Under the authori-
ties, an adverse verdict and judgment in ejectment
describing the subject matter as these premises are
described in this lease would not have been sufficient
to support a writ of habere facias. The attorney for
the lessee was not authorized to give the lessor any-
thing more by a confessed judgment than he would
have been entitled to by an adverse proceeding.

This case was submitted to us without oral argument
but counsel for appellant urge in their printed brief
that the lessee has, under the provisions of the lease,
waived his right to question any judgments entered
thereunder. The language is: "All of which proceed-
ings shall be without right to the party defendant to
have an appeal, certiorari, writ of error, exception,
motion or rule to open judgment, or set aside ex-
ecution." It is sufficient to say that the proceeding in
the court below was a rule to strike off and not a rule
to open the judgment. Even if the language of the
lease had included rules to strike off, the contention
would not be sound. This subject was fully considered
by us in Consumers Mining Co. v. Chatak, 92 Pa.
Superior Ct. 17, and in Pittsburgh Terminal Coal
Corporation v. Potts, supra. It was held that the
lessee, by clear and appropriate language in his lease,
may waive his right to attack a judgment entered there-
under, or to have it reviewed in an appellate court,
upon the ground of irregularities relating merely to the

manner in which the authority conferred by the lease has been exercised, i. e., procedural errors. Such waiver or release of errors does not extend, however, to a fundamental lack of authority to enter the judgment: Phila. v. Johnson, 208 Pa. 645; Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364. The questions here do not relate to mere matters of procedure but go to the right of the lessor to enter the judgments at all; the authorities relied upon in behalf of appellant have therefore no application. The assignments are without merit and are accordingly dismissed.

Order affirmed.