## Markeim-Chalmers-Ludington, Inc., Appellant, *v.* Mead et al.

Argued March 19, 1940.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and
HIRT, JJ.

*Paul Maloney,* with him *Evans, Bayard & Frick,* for
appellant.

*Emanuel Friedman,* for appellee, submitted a brief.

OPINION BY CUNNINGHAM, J., June 24, 1940:

The plaintiff was the lessor in a lease to the defend-
ant of an apartment in Kenwood Apartments on West
Tulpehocken Street, Philadelphia, for a term ending
September 30, 1939, at a monthly rental of $45, payable
in advance.  In violation of the sixth clause of the
lease, the defendant, without having obtained the writ-
ten consent of the lessor, removed from the premises on
May 31, 1939,—four months before the expiration of her
term.  In the paragraph it was provided that such a re-
moval should constitute a breach of the lease "and there
shall immediately become due to the lessor all rent for
the balance of [the] term."

On June 15, 1939, the plaintiff caused two judgments
to be confessed against the defendant at the same time

in the court below—one in ejectment for possession of the premises, and the other a money judgment for "all rent for the balance of the term," aggregating $180, with an attorney's commission of five per cent, or a total of $189. The confessions read:

"Amicable Action and Confession of Judgment, etc., for One hundred and Eighty Dollars ($180) and costs, together with five per cent as attorney's commissions, without stay of execution, (with release of errors) and waiving inquisition and all exemption laws, etc., for the following premises, to wit: ......

"It is hereby agreed that the above action be entered as if a summons had been regularly issued out of said Court, at the suit of plaintiff, Markeim-Chalmers-Ludington, Inc., against the defendant, Mildred Mead, on a certain lease, the original whereof is hereto annexed and marked Exhibit 'A,' and had been duly served, and so returned by the Sheriff; and the said Mildred Mead does hereby confess judgment in *ejectment* for the possession of the premises mentioned *and* for the *sum* of *One Hundred Eighty Dollars* ($180) and costs, together with five per cent as attorney's commission, without stay of execution, (with release of errors) and waiving inquisition and all exemption laws, etc. The foregoing judgment is entered upon the determination of the said lease, by virtue of the default of the said tenant, Mildred Mead, in removing from the said apartment without the consent of the plaintiff, contrary to the terms of the Sixth paragraph of the said lease, *whereby the rent for the remainder of the term has become due.*" (Italics supplied.)

It is clear upon the face of the record that there was no rent in arrears and that the money judgment is solely for accelerated "rent for the remainder of the term."

On the same date an attachment execution was issued and the amount of the money judgment attached in the hands of Integrity Trust Company as garnishee. On June 20, 1939, interrogatories were served, to which

the garnishee filed its answers, and on July 13, 1939, judgment was entered thereon in favor of the plaintiff for $189, with interest from June 15, 1939.

On December 14, 1939, defendant obtained a rule to show cause why the money judgment against her and the judgment on the attachment should not be stricken off for the following reason:

"That the judgment entered by confession against Mildred Mead, the defendant herein, in the amount of $189, is irregular and void as the record discloses that it is an attempt to collect rent for the unexpired portion of the term of a lease after plaintiff obtained possession and forfeited said lease by confession of judgment in ejectment."

The court below struck off the judgments by an order, dated January 11, 1940, supported by an opinion; this appeal by the plaintiff followed.

An examination of the lease discloses that it contains no language expressly authorizing the confession of a judgment for accelerated rent for the remainder of the term in connection with the confession of a judgment in ejectment for the premises.

This case is ruled against appellant by the following line of cases, some of which were proceedings to open and others to strike off, where, as here, the invalidity of the judgment appeared upon the face of the record: *Pusey v. Sipps,* 56 Pa. Superior Ct. 121; *Grakelow v. Kidder,* 95 Pa. Superior Ct. 250; *Greco v. Woodlawn Furniture Co.,* 99 Pa. Superior Ct. 290; *DeLong Hook and Eye Co. v. Vogue Silk Hosiery Co.,* 108 Pa. Superior Ct. 369, 164 A. 848; *Matovich v. Gradich et ux.,* 123 Pa. Superior Ct. 355, 187 A. 65.

In *Grakelow v. Kidder,* supra, the situation was comparable with the one here arising and we affirmed the striking off of the money judgment, remarking that the lessor "cannot have both the possession and the rent of the apartment at the same time." Although perhaps

unnecessary in order to obtain possession of the apartment, the appellant in this case *elected to terminate* the lease by the confession of the judgment in ejectment, and, at the same time, endeavored to collect rent for the unexpired portion of the term.

In *Delong Hook and Eye Co. v. Vogue Silk Hosiery Co.*, supra, we said: "At the same time that plaintiff caused judgment in ejectment to be entered against defendants, averring termination of the lease, it caused judgment to be entered against defendants for the balance of rent accruing to the end of the term, by virtue of the acceleration clause in the lease, for default in payment of prior installments of rent. Having elected to terminate the term, the lessor cannot also enter judgment for the rent for the balance of the term which accrued after the judgment in ejectment but became sooner payable under an acceleration clause."

In *Greco v. Woodlawn Furniture Company*, supra, KELLER, J., (now President Judge) said: "The landlord may cumulate remedies provided in the lease (*Purvis v. Dempsey*, 238 Pa. 173; *Murphy v. Marshell*, 179 Pa. 516), but he may not avail himself of double remedies in so far as they are conflicting or antagonistic. He can eject the tenant and at the same time enter judgment for the rent accrued when the tenant was evicted: *Murphy v. Marshell*, supra; but he cannot recover both the possession and the rent for the balance of the term: *Grakelow v. Kidder*, [95 Pa. Superior Ct. 250] p. 256."

In *Matovich v. Gradich*, supra, this court said, at page 363: "For the reasons stated at length in *Grakelow v. Kidder*, 95 Pa. Superior Ct. 250, and *Greco v. Woodlawn Furniture Co.*, 99 Pa. Superior Ct. 290, this appellee, having elected to terminate the lease and recover possession of the premises cannot, as attempted here, also enter and enforce a judgment for rent for the balance of the term. He can confess a judgment

for future rent accruing under the acceleration clause, or a judgment in ejectment, but not both."

The appellant further contends that appellee, in the thirteenth paragraph of the lease, waived any right to institute the present proceeding by agreeing to release all errors and that any judgment entered against her should be final, and she would not, inter alia, file a motion to strike off or open the same.

A similar contention relative to the effect of a "release of errors" was considered and disposed of adversely to appellant in *Grakelow v. Kidder*, supra, where we said: "This subject was fully considered by us in *Consumers Mining Co. v. Chatak*, 92 Pa. Superior Ct. 17, . . . . . . It was held that the lessee, by clear and appropriate language in his lease, may waive his right to attack a judgment entered thereunder, or to have it reviewed in an appellate court, upon the ground of irregularities relating merely to the manner in which the authority conferred by the lease has been exercised, i. e., procedural errors. Such waiver or release of errors does not extend, however, to a fundamental lack of authority to enter the judgment: *Phila. v. Johnson*, 208 Pa. 645; *Curry v. Bacharach Quality Shops, Inc.*, 271 Pa. 364. The questions here do not relate to mere matters of procedure but go to the right of the lessor to enter the judgments at all. . . . . . ."

As the money judgment, upon which the judgment on the attachment execution depends, was entered by confession, appellee was not obliged to attack it before the expiration of the term at which it was entered. *Rome S. & S. Station v. Finch*, 120 Pa. Superior Ct. 402, 183 A. 54; *Pennsylvania Stave Company's Appeal*, 225 Pa. 178, 73 A. 1107, and *Dellacasse et al. v. Floyd et al., Exrs.*, 332 Pa. 218, 2 A. 2d 860.

In our opinion the judgments were properly stricken off; the assignment of error to the order appealed from cannot be sustained.

Order affirmed.