## Huestis v. Cohen

*Grim & Grim*, for petitioner.

*Hartzel & Bush*, for respondent.

BECKERT, J., June 24, 1964. — John R. Huestis, hereinafter called lessor, is the owner of certain premises known as "The Old Mill", Point Pleasant, Bucks County, Pa. The above premises were leased to Joseph Cohen and Gertrude Cohen, his wife, hereinafter called lessees, by an undated lease, the term thereof being from October 1, 1961, to September 30, 1965. Pursuant to the lease, the lessees occupied the demise premises as their residence, and Joseph Cohen conducts his business from the premises. On September 20, 1963, the lessor filed an amicable action in ejectment against the lessees and confessed judgment against them in ejectment, and on the same date, September 20, 1963, lessor confessed judgment against the lessees in the sum of $6,300, being $6,000 for rent for the balance of the term, and $300 attorney fees.

Lessees have filed a rule to show cause as to why the two judgments should not be stricken, to which rule an answer and new matter was filed by lessor, and in turn a reply by the lessees to the new matter. The matter was argued before the court en banc on April 20, 1964. The lessees, as of that date, were still occupying the

demised premises, and paying rent therefor, it being agreed, however, that the payment or acceptance of rent did not prejudice the respective legal positions of the parties.

It is the position of the lessees that the aforementioned judgments, although entered in accordance with the powers contained in the lease, constitute inconsistent remedies entitling the lessees to have both of the judgments stricken.

In examining the lease, the "power" is given to the lessor to confess both judgments, and paragraph 21 thereof reads as follows:

"All of the remedies hereinbefore given to lessor, and all rights and remedies given to it by law and equity, shall be cumulative and concurrent. No determination of this lease, or the taking or recovering of the premises, shall deprive lessor of any of its remedies, or actions against the lessee for rent due at the time, or which under the terms hereof, would in the future become due as if there had been no determination, or for any and all sums due at the time, or which, under the terms hereof, would in the future become due, as if there had been no determination, nor shall the bringing of any action for rent, or breach of covenant, or the resort to any other remedy herein provided for the recovery of rent, be construed as a waiver of the right to obtain possession of the premises."

Lessor contends that the above quoted paragraph 21 vests in him the legal right to enter both judgments, and while the remedy may be inconsistent, is nevertheless a valid and existing right by virtue of the lessees signing the lease, thereby acceding to the lessor's right to proceed with both remedies. We do not agree with the lessor's position. The lessor's rights may be cumulative under the warrant contained in the lease to authorize a judgment in ejectment, and to simultaneously enter judgment for rent due and un-

paid to that date: Purvis v. Dempsey, 238 Pa. 173; Hollins' Estate, 29 D. & C. 307; but as established by existing case law, Grakelow v. Kidder, 95 Pa. Superior Ct. 250; Greco v. Woodlawn Furniture Co., 99 Pa. Superior Ct. 290; DeLong Hook and Eye Company v. Vogue Silk Hosiery Company, 108 Pa. Superior Ct. 369; Markeim-Chalmers-Ludington, Inc. v. Mead, 140 Pa. Superior Ct. 490, the lessor cannot enter a judgment to eject and judgment for rent for the balance of the term of the lease.

The lessor argues that none of the above cases construes a lease provision similar to paragraph 21 of the lease, and with this argument we agree in part. We do point out, however, that in the Grakelow case, supra, the lease contained a provision for acceleration of rent, and a provision to confess judgment in ejectment. The court commenting on this subject stated, at page 256, "clearly, it would be unjust to permit the lessor to eject the lessee under the eighth clause and confess a judgment for future rent under the acceleration clause". Again in the Greco case, supra, the lease contained similar provisions, that is, acceleration and power to confess judgment in ejectment. At page 292, the Superior Court said, "the landlord may cumulate remedies provided in the lease (Purvis v. Dempsey, 238 Pa. 173; Murphy v. Marshell, 179 Pa. 516), but he may not avail himself of double remedies in so far as they are conflicting or antagonistic." In neither the Purvis case or Murphy case cited in the above excerpt did the landlord confess judgment in ejectment and for future rents, although the lease in the Purvis case so provided. Finally, a similar provision appears in the lease under consideration in the DeLong case, supra, and the same result was reached as in the Grakelow and Greco cases.

However, we feel that it is not necessary to pass upon the question as to whether by the signing of the

lease the lessees waived their rights to now object to the inconsistent remedies. We say this, for by the entry of the judgment in ejectment, and it is agreed that in point of time this judgment was in fact entered before the judgment for rent for the balance of the term of the lease, the lessor cannot, after the entry of a judgment in ejectment, collect rent, because he is then dealing with the occupant of his premises as a trespasser and not as a tenant: Mack v. Fennell, 195 Pa. Superior Ct. 501, 504.

Returning to the issue as to whether the judgment for ejectment, or the judgment for rental for the balance of the term, or both, should be stricken, it is interesting to note that at the time of oral argument, counsel for the lessors suggested that if this point is reached only the judgments for future rents be stricken, while counsel for the lessee urges upon the court the striking of both judgments. The striking of both judgments has not been done in any case read by the writer, or cited by counsel. This no doubt has not been done as it would be inequitable to the lessor to strike both judgments, for if both were stricken, due to irregularities, neither could be corrected by another attempt to follow the warrant. The power of the warrant is exhausted by its use: Philadelphia v. Johnson, 208 Pa. 645; S. Jacobs and Son v. Busedu, 95 Pa. Superior Ct. 132; American Heating Co. v. Persell, 182 Pa. Superior Ct. 606; American Bowling Club, Inc. v. Kanefsky, 370 Pa. 136; see also 22 P. L. Encyc., Landlord and Tenant, §394.

From a reading of the lessor's new matter, and the reply of the lessee's thereto, it is apparent that the alleged breach of the payment of rentals was occasioned by the lessee's alleged failure to pay the sum of $750 as called for in paragraph 33 of the lease. The lessees do not deny that they have not paid the $750, but contend that the sum is not yet due to the lessor, as he has not

completed, or performed, as he agreed to perform in accordance with paragraph 32(a) of said lease. Therefore, it appears that the lessee may have a just defense to the entry of judgment, and if this is so, this defense should have been tested by a petition to open, not a petition to strike the judgment: Lebowitz v. Keystate Insurance Agency, Inc., 198 Pa. Superior Ct. 495. The lessees, however, have not filed a petition and rule to open the judgment, for to have done so would have been tantamount to an admission on their part that the judgments were properly entered: American Heating Co. v. Persell, supra. Both a petition to strike and a petition to open could, however, have been filed simultaneously.

We are well aware that a petition to strike and a petition to open are distinct remedies and generally are not interchangeable: Weinberg v. Morgan, 186 Pa. Superior Ct. 322; and in accordance with the accepted practice would normally require a motion to amend: Bowman v. Berkey, 259 Pa. 327; Miller v. Michael Morris, Inc., 361 Pa. 113. Here, however, as previously noted, the lessor's new matter and the lessee's reply thereto gives rise to a prima facie meritorious defense on the part of the lessee, this defense especially where there has been no trial on the merits should be resolved in favor of opening the judgment to permit the determination of the controversy upon the merits: Alliance Discount Corp. v. Shaw, 195 Pa. Superior Ct. 601.

Therefore in accordance with equitable principle, we shall permit the judgment in ejectment to be opened and in accordance with the conclusions reached in this opinion, the judgment heretofore entered for future rents will be stricken.

We, therefore, make the following:

*Order*

And now, June 24, 1964, for the foregoing reasons,

the judgment in ejectment heretofore entered in favor of John R. Huestis against Joseph Cohen and Gertrude Cohen, his wife, as of the above court term and number, is opened, and, further, the judgment entered as of the above term and number for future rents is hereby stricken.