### Ennis v. Daniel

*Herman M. Rodgers,* for plaintiff.
*Cyril I. Garvey,* for defendant.

ACKER, J., October 31, 1969.—On July 15, 1969, this court made absolute a rule to show cause why a judgment previously entered should not be opened and defendant let into a defense. The matter was placed on the trial list and on October 1, 1969, a pretrial order was entered pursuant to an agreement by and between the parties through their attorneys. There it was stipulated that the court should determine the amount of moneys owing for past rentals and attorney's commission based on the agreed fact that no compensation or rental was paid by defendant, James Daniel, for rental of the subject property for the month of July of 1968.

It was previously established by testimony in an equity action involving the same matter at June term, 1968, no. 2, that George E. Ennis, the landlord, took possession of the property on or about July 12, 1968. The monthly rental was in the amount of $1,000 per month. It is the contention of the landlord that although he did get possession on July 12, 1968, he is entitled to full $1,000 rental for that month because, pursuant to the lease between the parties, paragraph three, the rental is payment in advance.

This court held, however, in its opinion of July 15, 1969, that a landlord may not recover possession and also moneys for failure to pay rent during the period

that the landlord is in possession. Markheim-Chalmers-Ludington, Inc. v. Mead, 140 Pa. Superior Ct. 490, 494, 14 A. 2d 152 (1940), holds, ". . . he may not avail himself of double remedies insofar as they are conflicting or antagonistic. He can eject the tenant and at the same time enter judgment for the rent accrued when the tenant was evicted; Murphy v. Marshell, supra; but he cannot recover both the possession and the rent for the balance of the term: Grakelow v. Kidder, [95 Pa. Superior Ct. 250] 256."

Paragraph three of the lease herein involved states:

"This lease shall begin on the first day of April, 1968, and terminate on the 31st day of March, 1978. The rental shall be $1,000 per month from April 1st, 1968, until November 30th, 1968. The rental shall be $1,200 per month from the first day of December, 1968, until the 31st day of March, 1978."

Although it is specifically provided in paragraph two of the same agreement that payments upon the purchase of certain equipment in the total amount of $75,000 shall be made on the first day of each month until the entire debt is paid, no similar provision is set forth requiring that the payment of rent be made on the first day of each month or in any other particular time during the course of the month. Therefore, it cannot be said that the rent is earned and payable by the twelfth day of the month. In equity and justice it is the position of this court that the tenant, James Daniel, is, therefore, required to pay only for 12 days' occupancy during the month of July 1968.

It was previously held in the opinion of July 15, 1969, that the landlord is entitled to five percent of the total amount determined to be owing pursuant to the lease.

Wherefore, it is the finding of this court that plaintiff, George E. Ennis, is entitled to recover from defendant, James Daniel, $1,000 for the month of

June 1968, $388 for 12 days of the month of July, and $69.40, attorney's commission, for a total of $1,457.40.

### ORDER

And now, October 31, 1969, it is hereby ordered and decreed that judgment be entered in favor of plaintiff, George E. Ennis, and against defendant, James Daniel, in the total amount of $1,573.99, which includes interest at the rate of six percent or $116.59 from July 8, 1968.